IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DANIEL BRINK,                                      Case No. 3:12-cv-01131-MA

        Plaintiff,                               OPINION AND ORDER

  v.

MICHAEL J. ASTRUE,
Commissioner of Social
Security,

        Defendant.

JAMES S. COON
Swanson, Thomas, Coon & Newton
820 S.W. Second Avenue, Suite 200
Portland, Oregon 97204

    Attorney for Plaintiff

S. AMANDA MARSHALL
United States Attorney
ADRIAN L. BROWN
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, Oregon 97204

LEISA A. WOLF
Special Assistant United States Attorney
Office of the General Counsel
Social Security Administration
701 Fifth Avenue, Suite 2900 M/S 221A
Seattle, Washington 98104

    Attorneys for Defendant

1 - OPINION AND ORDER

MARSH, Judge:

Plaintiff Daniel Brink brings this action for judicial review of a final decision of the Commissioner of Social Security denying his application for Supplemental Security Income (SSI) benefits under Title XVI of the Social Security Act (the Act), 42 U.S.C §§ 1381-1383f. This Court has jurisdiction pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3). For the reasons set forth below, I AFFIRM the final decision of the Commissioner.

## PROCEDURAL BACKGROUND

This case has a long and complicated procedural history. The record before this Court constitutes 1,812 pages, with few incidences of duplication. Plaintiff first applied for SSI on January 2, 2001, effectively alleging disability as of the application date due to residual pain from gunshot wounds sustained in 2000, depression, attention deficit hyperactivity disorder, borderline intellectual functioning, and drug and alcohol addiction. His application was denied initially and upon reconsideration. A hearing was held before Administrative Law Judge (ALJ) Joseph Schloss on May 5, 2003. While testifying, plaintiff admitted that he had smoked marijuana prior to the hearing; the ALJ immediately adjourned the proceedings, to be rescheduled at a time when plaintiff was not under the influence. Accordingly, on June 19, 2003, a supplemental hearing was held. On September 5, 2003, the ALJ issued a decision finding plaintiff not disabled within the meaning of the Act. After the Appeals Council

declined review, plaintiff filed a complaint in this Court. On July 28, 2005, the Honorable Ann Aiken issued a decision determining that the ALJ erred and remanded the case for further proceedings.

On August 9, 2004, while plaintiff's appeal was pending, he filed a second application for SSI. His application was denied initially and upon reconsideration, after which he timely requested a hearing. On March 13, 2006, after a third hearing regarding plaintiff's consolidated SSI claims, the ALJ issued another unfavorable decision. The Appeals Council again declined review, after which plaintiff filed a second complaint in this Court. The Honorable Michael Hogan affirmed the ALJ's decision. Thereafter, plaintiff filed an appeal with the Ninth Circuit. On August 18, 2009, the Ninth Circuit reversed the ALJ's decision and issued a remand order (Remand Order), instructing the ALJ to clarify his hypothetical to the Vocational Expert (VE) and determine whether jobs exist in the national economy that plaintiff could perform. Following this Order, the Appeals Counsel vacated the ALJ's 2006 decision and remanded the matter for further proceedings consistent with the Order.

A fourth hearing was held on December 23, 2010 before ALJ Dan Hyatt, at which plaintiff testified and was represented by counsel. At the hearing, it was determined that plaintiff would undergo a psychological evaluation. On August 4, 2011, a fifth hearing was held, at which plaintiff was represented by counsel and testified,

3 - OPINION AND ORDER

as did a VE. On August 26, 2011, the ALJ issued the third decision finding plaintiff not disabled. After the Appeals Council declined review, plaintiff filed this appeal.

## FACTUAL BACKGROUND

Born on August 6, 1980, plaintiff was 20 years old on the alleged onset date of disability and 31 years old at the time of the fifth hearing. Plaintiff has a sixth grade education. He previously worked as a landscape laborer and automotive shop laborer. Plaintiff receives daily support and assistance from his grandmother, with whom he has also lived periodically throughout the SSI application process.

Plaintiff has had numerous problems with law, including periods of incarceration and probation. During his adolescence, plaintiff was sexually abused by his probation officer; at the time of the last hearing, plaintiff was receiving monthly income from a civil settlement arising from that abuse.[1] In addition, plaintiff has a long history of alcohol and drug abuse, including cocaine,

---

[1] As the ALJ noted, plaintiff's resources from this settlement, which equaled approximately $6,000 at the time of the 2010 hearing, may make him ineligible for SSI. (Tr. 1786, 1431.) Because the SSI program was enacted to provide financial assistance to "needy people" who are disabled, the claimant must meet certain income and resource requirements in order to be to entitled to benefits. See Hart v. Bowen, 799 F.2d 567, 569 (9th Cir. 1986) (citing 42 U.S.C. §§ 1381, 1382; 20 C.F.R. § 416.1205(a)); see also 20 C.F.R. § 416.110(a). Notably, a single SSI recipient may not receive benefits for any month in which his countable resources exceed $2,000. See 42 U.S.C. § 1382(a); 20 C.F.R. §§ 416.1205, 416.1201. There is no evidence in the record relating to whether this settlement qualifies for exception from plaintiff's countable resources pursuant to 42 U.S.C. § 1382b.

4 - OPINION AND ORDER

heroin, LSD, marijuana, gasoline, and methamphetamines. At the 2010 hearing, plaintiff testified that, aside from drinking occasionally and smoking marijuana, for which he holds a medical marijuana card, he is no longer abusing substances.

## THE ALJ'S DISABILITY ANALYSIS

The Commissioner has established a five-step sequential process for determining whether a person is disabled. Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. § 416.920. Each step is potentially dispositive. The claimant bears the burden of proof at Steps One through Four. See Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999). The burden shifts to the Commissioner at Step Five to show that a significant number of jobs exist in the national economy that the claimant can perform. Yuckert, 482 U.S. at 141-42.

At Step One, the ALJ found that plaintiff has not engaged in substantial gainful activity since the alleged onset date. See 20 C.F.R. §§ 416.920(b), 416.971 et seq.

At Step Two, the ALJ found that plaintiff has the following severe impairments: residuals from multiple gunshot wounds, including chronic pain due to lumbar regional spondylosis with myelopathy; an organic mental disorder; an affective disorder; an anxiety disorder; a personality disorder; a history of polysubstance abuse; and cannabis dependence. See 20 C.F.R. § 416.920(c).

At Step Three, the ALJ found that plaintiff's impairments, either singly or in combination and including the substance use disorders, did not meet listings 12.02, 12.04, 12.06, 12.08, or 12.09. See 20 C.F.R. §§ 416.920(d), 416.925, 416.926.

The ALJ determined that, including the substance use disorders, plaintiff has the residual functional capacity ("RFC") to perform light exertion work

> except that he needs to change position at will. He can occasionally kneel, crouch, and crawl. He can frequently engage in reaching with the right dominant upper extremity. He is limited to simple repetitive tasks of one to three steps, involving no contact with the general public and no more than occasional interaction with co-corkers. In addition, he experiences marked deficits in concentration, persistence or pace on an occasional basis, i.e. up to one-third of the workday. (Tr. 1293.)

See 20 C.F.R. §§ 416.927, 416.929.

At Step Four, the ALJ found plaintiff had no past relevant work. See 20 C.F.R. § 416.965.

At Step Five, the ALJ found that considering his age, education, work experience, and RFC, including his substance abuse disorders, there are no jobs that exist in significant numbers in the national economy that plaintiff can perform. See 20 C.F.R. §§ 416.960(c), 416.966.

However, the ALJ also found that plaintiff's substance abuse was a material factor in causing his disability. See 42 U.S.C. § 1382c(a)(3)(J). Thus, the ALJ continued the evaluation process to determine how plaintiff's medical impairments affected his ability to work absent his substance abuse. See 20 C.F.R. § 416.935. The

ALJ reassessed plaintiff's impairments and determined that, if he stopped using substances, he would have the RFC to perform light work

> except that he needs to change position at will. He can occasionally kneel, crouch, and crawl. He can frequently engage in reaching with the right dominant upper extremity. He is limited to simple repetitive tasks of one to three steps involving occasional interaction with others. (Tr. 1298.)

See 20 C.F.R. §§ 416.927, 416.929.

Because plaintiff had no past relevant work, the ALJ proceeded to Step Five and found that, if plaintiff stopped the substance use, and considering his age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that plaintiff can perform. See 20 C.F.R. §§ 416.960(c), 416.965, 416.966. The ALJ therefore concluded that plaintiff is not disabled within the meaning of the Act.

## ISSUE ON REVIEW

Plaintiff asserts that the ALJ erred by failing to comply with the Remand Order.

## STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if the Commissioner applied proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995). "Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. The

court must weigh all the evidence, whether it supports or detracts from the Commissioner's decision. Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986). The Commissioner's decision must be upheld, even if the evidence is susceptible to more than one rational interpretation. Andrews, 53 F.3d at 1039-40. If the evidence supports the Commissioner's conclusion, the Commissioner must be affirmed; "the court may not substitute its judgment for that of the Commissioner." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001).

## DISCUSSION

Plaintiff contends that the ALJ was required to "include [a] limitation as to concentration, persistence or pace" in the dispositive hypothetical question posed to the VE at Step Five pursuant to the Remand Order; the ALJ's failure to do so constitutes reversible error and entitles plaintiff to the immediate payment of benefits.[2] (Plaintiff's Opening Brief (#12) p. 6-10; Plaintiff's Reply Brief (#14) p. 5.) Plaintiff, however, does not specifically challenge any of the ALJ's findings,

---

[2] Plaintiff also suggests that, because the "Ninth Circuit previously identified only one outstanding issue," the ALJ was acting outside of the Remand Order by requiring an additional evaluation and undertaking the entire sequential process anew. (Plaintiff's Opening Brief (#12) p. 11; Plaintiff's Reply Brief (#14) p. 4-6; Tr. 1795.) While the Remand Order outlines certain areas for reconsideration, it does not articulate exactly what procedures the ALJ may or may not use to do so. In fact, because the Remand Order specifically instructed the ALJ to "clarify the hypothetical," which must be based on the record as a whole, the ALJ was required to reevaluate the evidence, especially the new evidence that emerged after the 2006 ALJ decision, and reformulate the RFC. (Tr. 1316.)

including his determinations regarding plaintiff's credibility, his analysis of the medical evidence, or his finding that plaintiff's drug and alcohol abuse was material. (See generally id.)

I. **Compliance with the Remand Order**

The reviewing court's remand order may include "detailed instructions concerning the scope of the remand, the evidence to be adduced, and the legal or factual issues to be addressed." Sullivan v. Hudson, 490 U.S. 877, 885-86 (1989) (citation omitted). The ALJ "shall take any action that is ordered by the Appeals Council[3] and may take any additional action that is not inconsistent with the Appeals Council's remand order." 20 C.F.R. § 416.1477(b); see also 20 C.F.R. §§ 416.1483, 416.1484.

In this case, the Ninth Circuit held that, because the ALJ found that plaintiff was moderately impaired in concentration, persistence, or pace and "did not equate 'simple, repetitive work' with work requiring concentration, persistence, or pace," the ALJ's conclusion that plaintiff was not disabled was not based on substantial evidence. (Tr. 1314-16.) As a result, the Ninth Circuit concluded that the "hypothetical question to the vocational expert should have included not only the limitation to 'simple, repetitive work,' but also Brink's moderate limitations in concentration, persistence, or pace." (Tr. 1315-16.) Accordingly,

---

[3] The Appeals Council "remand[ed] this case to an Administrative Law Judge for further proceedings consistent with the order of the court." (Tr. 1318.) Therefore, Ninth Circuit's Remand Order is synonymous with that of the Appeals Council in this case.

9 - OPINION AND ORDER

the Ninth Circuit remanded plaintiff's claim "so that the ALJ can clarify his hypothetical and determine whether Brink is able to perform gainful employment in the national economy." (Tr. 1316.)

On remand, the ALJ ordered a psychological evaluation, reassessed the five-step sequential process, including plaintiff's RFC and the hypothetical question posed to the VE, and found that plaintiff was not disabled when he was not using substances. Because he does not raise any errors outside of the ALJ's alleged lack of compliance with the Remand Order,[4] plaintiff neglected to provide a basis to reverse and remand the ALJ's decision. This is because failure to follow a remand order is not a proper basis for the reviewing court to reverse or remand the ALJ's final decision regarding a claimant's disability. See Strauss v. Comm'r of the Soc. Sec. Admin., 635 F.3d 1135, 1136-1138 (9th Cir. 2011) (court erred in awarding benefits for failure to follow remand orders from the Appeals Council and district court, without determining whether the claimant was disabled).

Rather, "[t]he ALJ's errors are relevant only as they affect that analysis on the merits. A claimant is not entitled to

---

[4] The court "ordinarily will not consider matters on appeal that are not specifically and distinctly argued" in the claimant's briefs. Carmickle v. Comm'r, Soc. Sec. Admin., 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (citation and internal quotations omitted); Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1226 n.7 (9th Cir. 2009) (arguments not raised in the claimant's opening brief are "deem[ed] waived"); see also McLeod v. Astrue, 640 F.3d 881, 887-88 (9th Cir. 2011) (as amended) ("[w]here harmfulness of the error is not apparent from the circumstances, the party seeking reversal must explain how the error caused harm").

benefits under the statute unless the claimant is, in fact, disabled, no matter how egregious the ALJ's errors may be." Id. at 1138. Thus, irrespective of whether the ALJ complied with the Remand Order, the issue before this Court is whether the ALJ's decision is based on substantial evidence and is free of legal error. See Strauss, 635 F.3d at 1138; see also Wick v. Astrue, 2009 WL 2393106, *2-15 (D.Or. July 31, 2009) (ALJ failed to comply with the Ninth Circuit's remand order but reversal was only warranted to the extent that the court found harmful error in regard to the other issues expressly raised and argued by plaintiff) (citing Sullivan, 490 U.S. at 885-86); Hernandez-Devereaux v. Astrue, 614 F.Supp.2d 1125, 1134 (D.Or. 2009) ("to the extent that the ALJ here failed to properly follow the [remand] instructions, she committed reversible error unless the errors were harmless, i.e., they would not have affected the ALJ's ultimate conclusions") (citation omitted). Accordingly, because the Remand Order concerns the RFC and Step Five finding, the Court will review these aspects of the ALJ's decision in order to provide the most complete review of this appeal.

## II. RFC Assessment and Step Five Finding

The RFC is the most a claimant can do despite his limitations. See 20 C.F.R. § 416.945(a)(1). In assessing the RFC, the ALJ must consider limitations imposed by all of a claimant's impairments, even those that are not severe. See SSR 96-8p, available at 1996 WL 374184, *1-5; Robbins v. Soc. Sec. Admin., 466 F.3d 880, 883

(9th Cir. 2006). In addition, the ALJ is required to consider all the medical evidence and assess the weight to be afforded each opinion. See 20 C.F.R § 416.927. However, the RFC need only incorporate limitations found on the record and the ALJ's "hypothetical [to the VE must be] based on medical assumptions supported by substantial evidence." Osenbrock v. Apfel, 240 F.3d 1157, 1163-65 (9th Cir. 2001).

It is well-established in this District[5] that "the term 'moderate' does not necessarily indicate a degree of limitation that must be expressly reflected in the RFC assessment." Davis v. Astrue, 2012 WL 4005553, *10 (D.Or. June 12), adopted by 2012 WL 3614310 (D.Or. Aug. 21, 2012) (citing Bagby v. Astrue, 2012 WL 1114298, *10 (D.Or. Feb. 7), adopted by 2012 WL 1114288 (D.Or. Apr. 3, 2012); and Hoopai v. Astrue, 499 F.3d 1071, 1077 (9th Cir. 2007)); see also West v. Astrue, 2012 WL 3202079, *7 (D.Or. July 13), adopted by 2012 WL 3186091 (D.Or. Aug. 2, 2012); Cruise v. Astrue, 2012 WL 5037257, *8 (D.Or. Sept. 28), adopted by 2012 WL 4966462 (D.Or. Oct. 17, 2012); Arnold v. Astrue, 2012 WL 6025744, *5 (D.Or. Dec. 4, 2012). Moreover, "an RFC to perform simple, repetitive tasks can be sufficient to accommodate a claimant's moderate limitations in attention, concentration, and social abilities." Davis, 2012 WL 4005553 at *10-11 (citations omitted); Sabin v. Astrue, 337 Fed.Appx. 617, 620-21 (9th Cir. 2009) (ALJ did

---

[5] The parties have not cited to, and the Court is not aware of, any published Ninth Circuit precedent that addresses this precise issue.

not err in determining that, despite moderate difficulties in concentration, persistence, or pace, claimant could perform "simple and repetitive tasks on a consistent basis"); Rogers v. Comm'r of Soc. Sec. Admin., 490 Fed.Appx. 15, 17-18 (9th Cir. 2012) (same).

The dispositive inquiry is whether the ALJ's RFC assessment is supported by substantial evidence. See Stubbs-Danielson v. Astrue, 539 F.3d 1169, 1173-74 (9th Cir. 2008) ("an ALJ's assessment of a claimant adequately captures restrictions related to concentration, persistence, or pace where the assessment is consistent with restrictions identified in the medical testimony") (citations omitted); Bickford v. Astrue, 2010 WL 4220531, *11 (D.Or. Oct. 19, 2010) ("so long as the ALJ's decision is supported by medical evidence, a limitation to simple, repetitive work can account for moderate difficulties in concentration, persistence or pace") (citations omitted); Gillock v. Astrue, 2011 WL 2011 WL 4916499, *5 (D.Or. June 29), adopted by 2011 WL 4935996 (D.Or. Oct. 17, 2011) (same).

This is because, as the ALJ noted, the term "moderate" does not inherently translate to a concrete functional limitation. (Tr. 1305; see also Tr. 1801 (VE testifying that he has "never come across the definition of moderate" in the context of a RFC).) Rather, the mild, moderate, or severe limitations, in the broad categories of activities of daily living, social functioning, and concentration, persistence, or pace, that are assessed as part of the psychiatric review technique "are not an RFC assessment but are

13 - OPINION AND ORDER

used to rate the severity of mental impairment(s) at steps 2 and 3 of the sequential evaluation process." SSR 96-8p, available at 1996 WL 374184, *4.[6] The "RFC assessment used at steps 4 and 5 of the sequential evaluation process requires a more detailed assessment by itemizing various functions." Id. This more detailed assessment is based on all of the relevant evidence of record, including "statements about what you can still do made by nonexamining physicians and psychologists." 20 C.F.R. § 416.913(c); see also SSR 96-8p, available at 1996 WL 374184, *5; Rogers, 490 Fed.Appx. at 17-18 (moderate impairments assessed on a psychiatric review technique form "in broad functional areas used at steps two and three" did not equate to concrete work-related limitations for RFC; rather, "the RFC assessment adequately captures restrictions in broad functional areas if it is consistent with the concrete limitations in the medical opinions").

In this case, the medical opinions and other evidence support a finding that plaintiff is capable of simple, repetitive tasks, consisting of one to three steps, despite any moderate limitations in concentration, persistence, or pace. For example, plaintiff testified at the December 2010 hearing that he spends his days

---

[6] Plaintiff asserts that the ALJ's reliance on the Social Security Rulings was erroneous because "Social Security Rulings do not supersede orders from the Court of Appeals." (Plaintiff's Opening Brief (#12) p. 7.) Even assuming that plaintiff is correct, it is equally erroneous for an ALJ to disregard the Social Security Rulings. See Orn v. Astrue, 495 F.3d 625, 635-36 (9th Cir. 2007) (citations omitted). Thus, the ALJ was required to follow the Social Security Rulings.

"tak[ing] care of my puppies and rid[ing] my bike and pretty much just maintain[ing] the house." (Tr. 1780, 1298.) He also reported that he can read and watch television or movies, and can "follow what's going on." (Tr. 1782, 1298.) In addition, Dick Wimmers, Ph.D., a consulting source who reviewed the record in April 2001, marked on a "Psychiatric Review Technique" form that plaintiff has moderate limitations in concentration, persistence, or pace. (Tr. 476.) In assessing an RFC, Dr. Wimmers concluded that plaintiff "is able to maintain attention and concentration for extended periods when performing simple tasks" and, as such, his impairment in this category would be adequately accommodated with a restriction to "simple two or three step operations [or] short simple instructions." (Tr. 480-82.)

Similarly, Bill Hennings, Ph.D., a consulting source, opined in November 2001 that, despite plaintiff's moderate limitation in concentration, persistence, or pace, he was capable of: remembering, understanding, and carrying out simple two to three step instructions; maintaining concentration for simple tasks; performing within a schedule; and making simple work-related decisions. (Tr. 614-16, 610.) In December 2004, Paul Rethinger, Ph.D., a consulting source, determined that, while plaintiff was moderately impaired in concentration, persistence, or pace, he retained "the capacity to understand, remember [and] carry out simple instructions" on a sustained basis. (Tr. 1104-06, 1075). Accordingly, Dr. Rethinger "restricted [plaintiff] to simple,

15 - OPINION AND ORDER

routine type work" in order to account for this impairment. (Id.) Robert Henry, Ph.D., affirmed Dr. Rethinger's opinion in April 2005. (Tr. 1108.)

The ALJ fully credited the opinions of Drs. Rethinger and Henry and found that plaintiff's "'moderate' impairment in concentration, persistent and pace expressed in work related terms equates to a restriction to simple repetitive tasks of one to three steps." (Tr. 1305-06.) Plaintiff does not challenge the ALJ's assessment of the medical evidence and, additionally, the ALJ expressly incorporated this restriction into the dispositive hypothetical question posed to the VE. (Tr. 1298, 1800.)

Moreover, plaintiff's most recent psychological examination[7], which was performed by Gregory Cole, Ph.D., on March 19, 2011, indicates that this restriction is sufficient to account for his moderate limitation in concentration, persistence, or pace. (Tr. 1756-1769.) During the examination, plaintiff stated that he showers, cooks, washes dishes, and does laundry daily, and sweeps, mops, and vacuums once a week; he also stated that he enjoys riding his bicycle and playing video games. (Tr. 1759-60.) Plaintiff also remarked that he had smoked marijuana earlier that day, despite the ALJ's express instruction not to do so, and became "increasingly agitated because he was not able to smoke marijuana

---

[7] Prior to his examination with Dr. Cole, plaintiff had not received mental health treatment since May 2008. (Tr. 1391-93.) These treatment notes, from 2007 and 2008, do not outline any functional limitations. (Tr. 1393-1437.)

16 - OPINION AND ORDER

[during testing], and then he appeared to diminish his efforts of tasks requested of him." (Tr. 1765, 1788.) As such, Dr. Cole recommended that plaintiff would benefit from follow-up substance abuse treatment services. (Tr. 1764.)

Further, Dr. Cole reported that plaintiff "did not appear to give his best effort" and his personality inventory "suggested the possible exaggeration of symptomology; which brings up the question as to the possibility of malingering." (Tr. 1765.) For instance, Dr. Cole noted that, while plaintiff was observed to have difficulty sustaining simple, routine tasks, he experienced only mild problems completing more complicated tasks. (Tr. 1764.) Accordingly, pursuant to SSR 96-8p, Dr. Cole concluded that plaintiff was not restricted in his ability to understand, remember, and carry out simple instructions, and to make judgments on simple work-related decisions, on a sustained basis. (Tr. 1767.)

The ALJ gave "little weight" to this assessment "in light of the claimant's use of marijuana prior to testing . . . and Dr. Cole's diagnosis of possible malingering." (Tr. 1303.) Nonetheless, the Court notes that the most recent medical evidence from Dr. Cole is largely consistent with that from Drs. Wimmers, Hennings, Rethinger, and Henry. Lastly, plaintiff does not identify any evidence evincing that he is unable to perform simple, routine tasks on a sustained basis despite his moderate impairment in concentration, persistence, or pace. The Court's own review of

17 - OPINION AND ORDER

the record reveals that some of plaintiff's treating or examining doctors have opined, as recently as 2007, that he was more limited in this category or outright disabled. (Tr. 1049-56, 1118-24, 1139-41, 1151, 1187-89, 1608-11.) For instance, John Thickins, Ph.D., reported in March 2004 that plaintiff "is trainable in a trade or vocation [but] should receive social security benefits so he can live independently and become more self-sufficient." (Tr. 1118-24.) In addition, in January 2006, Cynthia Steinhauser, Ph.D., stated that "Mr. Brink is simply a disabled individual." (Tr. 1139-41.) However, these doctors did not articulate any concrete restrictions concerning plaintiff's impairment in concentration, persistence, or pace and, further, the ALJ addressed each of these doctors' opinions and rejected them, findings which plaintiff does not now challenge.[8] (Tr. 1302-05.)

Therefore, the ALJ translated plaintiff's moderate limitation in concentration, persistence, or pace into the only concrete restriction - i.e. for simple, repetitive tasks of one to three steps - outlined in the medical evidence. Because this determination is reasonable in light of the entire record and is supported by substantial evidence, the ALJ's RFC and Step Five finding are affirmed. See Osenbrock, 240 F.3d at 1163-65; see also

---

[8] The Court also notes that, while not dispositive, plaintiff was abusing illegal drugs and alcohol concurrent with many of these assessments. As the ALJ acknowledged, the last reference in the record to plaintiff's substance abuse, outside from his use of medical marijuana, is from 2008 when he reported drinking daily. (Tr. 1300, 1398-99.)

Burch v. Barnhart, 400 F.3d 676, 680-81 (9th Cir. 2005) (the court "must uphold the ALJ's decision where the evidence is susceptible to more than one rational interpretation"). As such, to the extent that the ALJ erred in failing to follow the Remand Order, such an error was harmless. See Molina v. Astrue, 674 F.3d 1104, 1115 (9th Cir. 2012); see also Hamilton v. Astrue, 2012 WL 3314303, *7-11 (D.Or. June 15), adopted by 2012 WL 3312366 (D.Or. Aug. 10, 2012) (in a nearly identical case, the court found that the ALJ's failure to comply with the remand order was harmless error because the medical evidence of record established that the plaintiff was capable of performing simple, routine tasks despite her impairment in concentration, persistence, or pace).

## CONCLUSION

For the reasons set forth above, the Commissioner's final decision denying benefits to plaintiff is AFFIRMED. This action is DISMISSED.

IT IS SO ORDERED.

DATED this 24 day of April, 2013.

*Malcolm F. Marsh*
Malcolm F. Marsh
United States District Judge