IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**DANIEL BRINK,**

        Plaintiff,

    v.

**ANDREW SAUL,** Commissioner of
Social Security,

        Defendant.

No. 3:12-cv-01131-MA

OPINION AND ORDER

**MOSMAN, J.,**

Plaintiff Daniel Brink brought this action challenging the Commissioner's final decision denying his application for Supplemental Security Income. The Commissioner first denied Mr. Brink's application in 2003. Pl.'s Br. [12] at 3. Mr. Brink then litigated the Commissioner's denial through three district court cases, two Ninth Circuit appeals, and five more hearings before an ALJ. *See id.*; Order [15]; J. [22]. After the second remand from the Ninth Circuit, the Commissioner found Mr. Brink disabled within the meaning of the Social Security Act as of January 2, 2001. Mot. [23] Ex. A at 2. This determination resulted in the award of $101,899.72 for past-due Social Security benefits. *Id.* at 1. After each successful appeal, Mr. Brink's attorneys were awarded attorney fees under the Equal Access to Justice Act (EAJA). Mot. [23] Ex. D. In total, $16,296.29 in fees were awarded under the EAJA. *See id.* Mr. Brink's attorneys

1 – OPINION AND ORDER

now move for an award of $25,474.81 in attorney fees pursuant to 42 U.S.C. § 406(b)(1), less the fees already awarded under the EAJA. Mot. [23] at 1.

## DISCUSSION

Under 42 U.S.C. § 406(b)(1)(A), a court entering judgment in favor of a social security disability insurance claimant who was represented by an attorney "may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." "[T]he attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). It is the attorney's burden to show that the fee sought is "reasonable based on the facts of the particular case." *Crawford v. Astrue*, 586 F.3d 1142, 1153 (9th Cir. 2009). The attorney's fee award is paid by the claimant out of the past-due benefits awarded; the Commissioner is not responsible for payment.[1] *Gisbrecht*, 535 U.S. at 802.

A court reviewing a request for attorney fees under § 406(b)(1)(A) "must respect 'the primacy of lawful attorney-client fee agreements,' 'looking first to the contingent-fee agreement, then testing it for reasonableness.'" *Crawford*, 586 F.3d at 1148 (quoting *Gisbrecht*, 535 U.S. at 793, 808). Routine approval of fees pursuant to a contingency fee agreement calling for the statutory maximum is, however, disfavored. *See, e.g., Fintics v. Colvin*, 3:10-cv-01352-HU, 2013 WL 5524691, at *2 (D. Or. Oct. 2, 2013). Contingent fee agreements that fail to "yield reasonable results in particular cases" may be rejected. *Gisbrecht*, 535 U.S. at 807. Although not a definitive list of factors, in testing the fee agreement for reasonableness I must consider the

---

[1] For this reason, I give little weight to the Commissioner's failure to object to the requested award. *See* Mot. [23] at 2.

2 – OPINION AND ORDER

character of the representation, the results achieved, delay caused by the attorney, and the amount of time spent on the case. *Id.* at 808; *Crawford,* 586 F.3d at 1151–52. A court may "consider the lodestar calculation, but *only as an aid* in assessing the reasonableness of the fee." *Crawford,* 586 F.3d at 1151; *see also Gisbrecht,* 535 U.S. at 808 (noting that courts may consider counsel's record of hours spent representing claimant and counsel's normal hourly billing rate for noncontingency work as an aid in considering reasonableness of requested fees).

Pursuant to their agreement, Mr. Brink's attorneys request a fee equal to twenty-five percent of the past-due benefits he was awarded. Jones Decl. [25] Ex. 1. Although several different totals are presented in the motion, Mr. Brink's attorneys submitted an accounting of 105.85 hours spent on this case since 2004. Mot. [23] Ex. C. Of this total, 29.1 hours of work were performed by a law clerk and the remaining 76.75 hours were performed by attorneys. *Id.* Mr. Brink's attorneys did not provide the rate they normally charge for noncontingent-fee cases, as the firm "rarely do[es] legal work on any basis other than contingent fee." Mot. [23] at 2. Instead, they propose hourly rates of $315 per hour for work performed by attorneys and $118.96 per hour for work performed by a law clerk. Mot. [23] at 5. By way of comparison, Mr. Brink's attorneys state that the average hourly rate for attorneys practicing administrative law in Portland is $298. Mr. Brink's attorneys also suggest that the average hourly noncontingent-fee rate should be multiplied by 4.07 to account for the rate of success in social security cases.[2] Mot. [23] at 3.

---

[2] Using data provided by the National Organization of Social Security Claimants' Representatives (NOSSCR), Mr. Brink's attorneys arrive at this number by concluding that past-due benefits are only awarded in 24.56% of cases brought in federal court. Mot. [23] at 3 n.5. Assuming that contingent-fee work should be compensated at the average rate for noncontingent-fee work, Mr. Brink's attorneys suggest multiplying the average hourly rate for noncontingent work by 4.07 (100/24.56 = 4.07). While it is not necessary in this case to determine an

3 – OPINION AND ORDER

As a preliminary matter, I find that Mr. Brink's attorneys achieved a favorable result and that there were no issues concerning the character of the representation or any delay caused by counsel. Given the numerous appeals necessary to achieve a favorable result, I also find that the time spent on this case was reasonable. Although I may consider the risk of nonpayment inherent in contingency representation, Mr. Brink's attorneys failed demonstrate any risk that was particular to this case. *Crawford*, 586 F.3d at 1153. However, this failure is harmless for two reasons. First, Mr. Brink's attorneys request $315 per hour for work performed by attorneys in this case, which is $17 per hour more than the average rate for attorneys practicing administrative law in noncontingent cases. I find this modest premium to be reasonable for the risk assumed in this case. The requested rate of $118.96 for work performed by a law clerk is also reasonable—courts in the Ninth Circuit have found paralegal rates to be reasonable when they are approximately half the rate charged by attorneys. *See Quinnin v. Colvin*, No. 1:12-CV-01133-SI, 2013 WL 5786988, at *3 (D. Or. Oct. 28, 2013). While not per se reasonable, that rule of thumb yields a reasonable result in this case. The second reason that Mr. Brink's attorneys' request should not be reduced, despite failing to demonstrate the risk inherent in this case, is that the requested hourly rate is actually less than $315. Assuming that the rate for the 29.1 hours performed by a law clerk is $118.96 per hour, for a total of $3,461.74, Mr. Brink's attorneys request $22,013.07 for the remaining 76.75 hours of work. That is a rate of $286.82

---

appropriate multiplier in order to compare the fee requested to an amount calculated using noncontingent rates under the lodestar approach, the method by which Mr. Brink's attorneys arrived at multiplier is contrary to the Ninth Circuit's decision in *Crawford*. Rather than assessing a particular firm's success rate—or, as suggested here, the success rate of all social security cases—"the district court should look at the complexity and risk involved *in the specific case at issue* to determine how much risk the firm assumed in taking the case. *Crawford*, 586 F.3d at 1153 (emphasis added).

4 – OPINION AND ORDER

per hour for work performed by attorneys in this case, which is less than the average rate for Portland attorneys practicing administrative law in noncontingent cases.

## CONCLUSION

For the reasons stated above, the Motion for Attorney Fees Under 42 U.S.C. § 406(b) [23] is GRANTED. Mr. Brink's attorneys are awarded $9,178.52, which is the requested amount of $25,474.81 less the $16,296.29 in fees already awarded under the EAJA.

IT IS SO ORDERED.

DATED this 5 day of July, 2019.

MICHAEL W. MOSMAN
Chief United States District Judge